UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES T. LAWSON, and DONNA S. LAWSON, Plaintiffs, | : | |
| v. | : | C.A. No. 15-499ML |
| UNITED STATES INTERNAL REVENUE SERVICES, Defendant. | : | |

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

Plaintiffs James T. Lawson and Donna S. Lawson (the "Lawsons"), acting *pro se*,[1] have sued the Internal Revenue Service (IRS), challenging tax collection efforts that they perceive either as contrary to the binding settlement of their tax court case in 2015 or violative of the statute of limitations. Eschewing other avenues of relief, the Lawsons brought their claim directly to this Court. In so doing, they ask this Court to ignore clear congressional policy that federal district courts should not intervene preemptively in the tax collection process. United States v. Thomas, 577 F. Supp. 2d 469, 479 (D. Me. 2008). The IRS responded with the pending motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), arguing that this Court lacks subject matter jurisdiction to grant the relief the Lawsons seek. ECF No. 3. It has been referred to me for report and recommendation. 28 U.S.C. § 636(b)(1)(B).

[1] Because the Lawsons are *pro se*, I have liberally construed their filings. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam); Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000). In addition to objecting to the motion to dismiss, they presented a flurry of supplemental filings that are not authorized by this District's local rules without leave of court. DRI LR Cv 7(b). Mindful of the Lawsons' *pro se* status, I have considered all of them. See ECF Nos. 4, 6, 8, 10, 11.

Suits against the United States[2] are barred by sovereign immunity except where Congress has expressly created a waiver; when it comes to the collection of federal tax revenues, Congress has given the IRS a monopoly and created a narrow but clear set of moves for taxpayers seeking to challenge its tax collection activities. These time-tested principles do not permit taxpayers to side-step administrative remedies and bring their claim against the IRS directly in district court. Based on the bedrock doctrine that the sovereign is immune from suit except to the extent that immunity is waived, I recommend that the IRS's motion to dismiss be granted. My reasoning follows.

## I. FACTUAL[3] AND PROCEDURAL BACKGROUND

The Lawsons' tale of tax woe began, like so many, with a federal tax audit, which led to a notice of deficiency in March 2012 for over $650,000 in unpaid taxes for tax years 2007, 2008, and 2009, inclusive of penalties and additions. ECF No. 4 at 3; ECF No. 4-1 at 7. In June 2012, the Lawsons properly challenged the deficiencies by initiating a proceeding in United States Tax Court ("Tax Court"). ECF No. 1 at 2. After a long delay, apparently caused by one or more bankruptcy proceedings involving Mr. Lawson,[4] the Tax Court case ended with a stipulation that lowered the Lawsons' federal income tax assessment by hundreds of thousands of dollars for the three years under review. ECF No. 4 at 3; ECF No. 4-1 at 2-3; ECF No. 6 at 2. On January 28,

[2] Suits against the IRS challenging its assessment of tax liabilities are against the United States. Destin v. I.R.S., No. CIV 09-0611 RBK/JS, 2010 WL 99116, at *2 (D.N.J. Jan. 6, 2010); Kintzler v. I.R.S., No. CV-S-01-0148-PMP, 2001 WL 1137294, at *2 (D. Nev. Aug. 14, 2001); see Silver v. Smith, 70 F. App'x 17, 19 (2d Cir. 2003).

[3] Except as otherwise indicated, these facts are drawn from the Lawsons' complaint and supplemental filings, all of which may be considered on a motion to dismiss for lack of subject matter jurisdiction. See Nichols v. Muskingum Coll., 318 F.3d 674, 677 (6th Cir. 2003); King v. U.S. Fed. Drug Admin., 35 F. App'x 511, 514 (9th Cir. 2002); Doucot v. IDS Scheer, Inc., 734 F. Supp. 2d 172, 180 (D. Mass. 2010).

[4] During the relevant period and before, Mr. Lawson made multiple bankruptcy filings, at least some of which resulted in delay of the Tax Court proceedings. See In re James T. Lawson, No. 1:14-bk-10464 (Bankr. D.R.I. Mar. 5, 2014); In re James T. Lawson, No. 1:12-bk-10004 (Bankr. D.R.I. Jan. 3, 2012); In re James T. Lawson, No. 1:11-bk-11104 (Bankr. D.R.I. Mar. 22, 2011); In re James T. Lawson, No. 1:05-bk-11280 (Bankr. D.R.I. Apr. 15, 2005); In re James T. Lawson, No. 1:96-bk-12349 (Bankr. D.R.I. July 25, 1996).

2015, the Tax Court entered an Order and Decision that memorialized this stipulation (the "Tax Court Ruling"),[5] which provides that the Lawsons owe $49,313 for tax year 2007 and $800 for tax year 2009, and that "there is an overpayment in tax due to [the Lawsons] . . . in the amount of $36,062" for tax year 2008. See ECF No. 4 at 3.

After that (from the Lawsons' perspective), things went awry.

On October 19, 2015, the IRS sent a tax refund letter to the Lawsons for tax year 2008 ("Refund Letter"). Inconsistently with the Tax Court Ruling on tax year 2008, it stated that they overpaid by only $29,564, instead of the $36,062 set forth in the Tax Court Ruling.[6] ECF No. 4-1 at 4. It also deducted "unpaid balance[s]" to "an amount owed" for four other tax years, including 1998 and 2006,[7] neither of which had been in issue in the Tax Court case, as well as $226.03 (instead of $49,313) for tax year 2007 and $800 for tax year 2009. ECF No. 4-1 at 4. As the Lawsons argue in this Court, they do not understand any of these deductions except for the $800 unpaid tax for tax year 2009, which is consistent with the Tax Court Ruling.

After getting the Refund Letter, the Lawsons contacted the IRS several times to express their displeasure. On October 23, 2015, they sent the IRS a "Request for Appeals Review;" on October 25, 2015, they mailed an "Application for Fast Track Settlement"; and on October 19, 2015, and again on November 23, 2015, they sent certified notices that requested backup information on why the IRS deducted these amounts from their 2008 refund in light of the Tax Court Ruling. See ECF No. 1 at 2; ECF No. 4 at 4; ECF No. 8-2 at 1-2 (certified mail receipts

---

[5] The IRS introduced the Tax Court Ruling into evidence at the hearing before this Court. See ECF No. 9, Def.'s Ex A. Mr. Lawson, appearing *pro se* at the hearing, did not object; Mrs. Lawson was not present. The Lawsons had previously attached the second page of the Tax Court Ruling to one of their filings. ECF No. 6-1 at 2.

[6] Despite their allegation that the IRS has wrongly tried to reopen 2008, the Lawsons appear to be trying to do the same. Not pled in their complaint but asserted in their supplemental filings is their contention they paid $60,269.97 in taxes for tax year 2008, not the $40,165 that appears in the stipulation approved by the Tax Court Ruling. ECF No. 4 at 4; ECF No. 4-1 at 2, 8.

[7] The claimed deductions for 1998 and 2006 were $14,425.24 and $1,662.21, respectively. ECF No. 4-1 at 4.

dated October 24 and November 7, 2015). Then, on November 30, 2015, they gave up on further pursuit of any administrative remedies[8] and filed their complaint in this Court.

The Lawsons' extremely confusing filings (including their complaint and the various supplementations) essentially contend that the Refund Letter, coupled with other tax collection actions taken by the IRS, amount to "Criminal and deceptive" actions, based on "strange accounting methods" for which they now seek relief in this Court. ECF No. 4 at 6. The title of the complaint is an "Action to Compel [IRS] Under 6-5.410 – Tax Refund Suits/Petitions for Readjustment."[9] It contains four requests for relief:

- For tax year 1998, it contends that the amount deducted from the refund due is barred by the statute of limitations. ECF No. 1 at 3; ECF No. 8 at 2.
- For tax year 2006, it demands "[v]erification of the amount of 2006 taxes in the amount of $1,662.21 and source of same for the amount as the [Lawsons] were never apprised of the source of this [assessment]." ECF No. 1 at 4.
- For tax year 2007, it contends that any assessment beyond the amount provided for by the Tax Court Ruling is barred. ECF No. 1 at 3, 4.

---

[8] As they make plain in their complaint and supplemental filings, the Lawsons filed their complaint without having received any substantive response, let alone a final administrative denial, from the IRS in response to any of these communications. See ECF No. 1 at 2 ¶ 9 ("No response or acknowledgement has been received to date"); ECF No. 1 at 2 ¶ 10 ("To date no acknowledgement has been forwarded by the IRS"); ECF No. 1 at 3 ¶ 15 ("Plaintiff[s'] (third submission) on October 23, 2015 was never processed by the [IRS]"); ECF No. 1 at 3 ¶ 17 ("A further copy was sent to [the IRS] on October 23, 2015 for which the IRS acknowledged receipt of the same without response or processing the return as is required by law"); ECF No. 4 at 4-5 (after Lawsons mailed two certified notices to IRS, it "never provided verification").

[9] The Lawsons' title to their complaint appears to refer to the United States Attorneys' Manual. Section 6-5.410 of the Manual states:

> **6-5.410 - Tax Refund Suits/Petitions for Readjustment**
>
> The Tax Division is responsible for defending tax refund suits brought pursuant to 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422(a), and petitions for readjustment of final partnership administrative adjustments (FPAA) brought pursuant to 28 U.S.C. § 1346(e) and 26 U.S.C. § 6226. When a taxpayer serves the United States Attorney with a tax refund suit or readjustment petition, the United States Attorney should immediately notify both the Chief of the appropriate Civil Trial Section and the appropriate IRS counsel office.

See U.S. Attorneys' Manual, https://www.justice.gov/usam/usam-6-5000-civil-tax-case-responsibility#6-5.410 (last visited July 7, 2016).

- For tax year 2009, it demands that the Court order the IRS to process the Lawsons' tax return as implicitly required by the Tax Court Ruling, which they claim would result in an additional refund. ECF No. 1 at 3; ECF No. 8 at 2.

In their supplemental filings, the Lawsons add a new accusation based on a post-filing (February 8, 2016) Notice of Intent to Levy for tax year 2007. ECF No. 4-1 at 6. The Notice says the Lawsons owe $68,642.65 "due immediately," plus a $1,218.71 failure to pay penalty. ECF No. 4-1 at 6. Because these figures differ both from the $49,313 deficiency for tax year 2007 in the Tax Court Ruling and from the "unpaid balance" of $226.03 for tax year 2007 in the Refund Letter, and is eerily (according to the Lawsons) similar to the deficiency assessed in the IRS's original audit for tax year 2007 ($58,190), they have added it to their claim.[10] ECF No. 4 at 3, 6.

## II. STANDARD OF REVIEW

"It is beyond cavil that, as the sovereign, the United States is immune from suit without its consent." Muirhead v. Mecham, 427 F.3d 14, 17 (1st Cir. 2005). Such consent must be expressed in "[a] waiver of sovereign immunity," which cannot be implied but "must be unequivocally expressed." United States v. Mitchell, 445 U.S. 535, 538 (1980) (citing United States v. King, 395 U.S. 1, 4 (1969)). Because the IRS is an agency of the United States, it is also well-settled that the IRS is immune from suit except where Congress, by specific statute, has waived the sovereign immunity of the United States. United States v. Williams, 514 U.S. 527, 531 (1995); Gorod v. I.R.S., No. 75-4190-F, 1976 WL 1146, at *1 (D. Mass. Sept. 21, 1976). When the United States has not waived sovereign immunity, a suit against the IRS should be dismissed for lack of subject matter jurisdiction. Sanchez v. United States, 740 F.3d 47, 50 (1st Cir. 2014) ("Federal courts lack jurisdiction over claims against the United States unless the government has waived its sovereign immunity."); see Menge v. N. Am. Specialty Ins. Co., 905

[10] The Lawsons assert they tried to address the Notice of Intent to Levy with the IRS, but were told it would have to be addressed in the suit before this Court. ECF No. 4 at 5.

F. Supp. 2d 414, 416-17 (D.R.I. 2012) (agency of federal government, "[a]bsent a waiver," is shielded by sovereign immunity from suit).

Procedurally, a motion to dismiss based on the sovereign immunity of the named defendant is an attack on the court's subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The rule requires the court to "accept as true all well-pleaded factual averments in the plaintiff's complaint and indulge all reasonable inferences therefrom in his favor." Katz v. Pershing, LLC, 672 F.3d 64, 70 (1st Cir. 2012) (internal quotations omitted). The plaintiff has the burden to plead facts to demonstrate subject matter jurisdiction; the plausibility standard under Fed. R. Civ. P. 12(b)(6) applies to jurisdictional determinations at the pleadings stage. See Hochendoner v. Genzyme Corp., No. 15-1446, 2016 WL 2962148, at *4 (1st Cir. May 23, 2016). A court may also consider exhibits and other documents outside the pleadings on a Fed. R. Civ. P. 12(b)(1) motion. Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002). The attachment of exhibits does not convert a Fed. R. Civ. P. 12(b)(1) motion into a Fed. R. Civ. P. 56 motion, unless the jurisdictional question is intertwined with the merits. Gonzalez, 284 F.3d at 287-88 (1st Cir. 2002); see Odyssey Marine Expl., Inc. v. Unidentified Shipwrecked Vessel, 657 F.3d 1159, 1169-70 (11th Cir. 2011). In considering a motion to dismiss a claim against an agency of the United States based on sovereign immunity, the court's task is to seek evidence that the federal defendant expressly waived sovereign immunity or consented in any way to be sued in the case. Menge, 905 F. Supp. 2d at 416-17. If there is no waiver, the complaint must be dismissed.

## III. ANALYSIS

### A. Refund Claims Barred by Sovereign Immunity

Brought in reliance on 28 U.S.C. § 1346(a),[11] three of the Lawsons' four requests for relief affect tax years 1998, 2007 and 2009. Read with all reasonable inferences in the Lawsons' favor and mindful of their *pro se* status, these claims amount to a challenge to the IRS's determination of amounts owed and a demand that the IRS issue tax refunds to bring their tax liability for those years into conformity with the Lawsons' interpretation of what the Tax Court Ruling is or should be. See ECF No. 1 at 3, 4. Similarly, the Lawsons' supplemental filings, which contest the Notice of Intent to Levy for tax year 2007 and seek to relitigate the overpayment for tax year 2008, boil down to a challenge to the appropriate tax assessment with a demand for a refund for those years. This Court does not have subject matter jurisdiction over any of these claims.

When a taxpayer is assessed a tax deficiency, he may challenge that assessment in one of two ways. Smith v. United States, 495 F. App'x 44, 48 (Fed. Cir. 2012) (per curiam); Ishler v. United States, 115 Fed. Cl. 530, 536 (2014). The first is to pay the tax, request a refund from the IRS, and then file a refund suit in a federal district court. 26 U.S.C. § 7422(a). Alternatively, the taxpayer may file a petition with the Tax Court. Flora v. United States, 362 U.S. 145, 163 (1960) (describing Congress's creation of "a system" of two tribunals for litigation); see Mabbett v. Comm'r of IRS, 610 F. App'x 760, 762 (10th Cir. 2015); Porter v. United States, 919 F. Supp. 927, 930 (E.D. Va. 1996).

If the first path is chosen, while the Lawsons are right that bringing a federal case in district court ultimately is contemplated by 28 U.S.C. § 1346(a), it is well settled that specified administrative remedies must be exhausted before the taxpayer may rely on § 1346(a) to resort to

[11] Section 1346(a) provides that "the district courts shall have original jurisdiction . . . of . . . [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." 28 U.S.C. § 1346(a).

federal court. McMillen v. U.S. Dep't of Treasury, 960 F.2d 187, 188-89 (1st Cir. 1991) (per curiam). As the United States Supreme Court held in United States v. Dalm, § 1346(a)'s "spacious terms" must be "read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions." United States v. Dalm, 494 U.S. 596, 601 (1990). Chief among these conditions is the limitation in 26 U.S.C. § 7422(a) that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary." Dalm, 494 U.S. at 601 (quoting 26 U.S.C. § 7422(a)). Thus, § 1346(a) is not a shortcut around the requirement that taxpayers must exhaust their administrative remedies. Rather, it must be read in tandem with § 7422, which makes clear there must be an administrative claim for a refund and that the taxpayer may not go to court until he has actually paid the assessment. McMillen, 960 F.2d at 188-89. Unless and until the exhaustion requirement is satisfied, despite the language of § 1346(a)(1), the district court lacks jurisdiction to entertain the lawsuit as a refund action. See Kimball v. I.R.S., 351 F. App'x 170, 171 (9th Cir. 2009) ("district court lacked jurisdiction under 28 U.S.C. § 1346(a) for each of the years in question because [taxpayers] had either failed to exhaust administrative remedies, pay all of the assessment, or timely sue").

The exhaustion procedure is clearly laid out in the operative statutes and regulations, starting with the requirement in § 7422 that "a district court has jurisdiction to adjudicate only those refund claims that have first been 'duly filed' with the Secretary of the Treasury." Muskat v. United States, 554 F.3d 183, 194 (1st Cir. 2009). To be "duly filed," the claim must be set forth in detail, made on the appropriate income tax return (sometimes an amended tax return) and filed with the service center serving the IRS district in which the tax was paid. 26 C.F.R. §§

301.6402-3(a)(1)-(2), 301.6402-2(a)(2), 301.6402-2(b)(1). After filing the claim, unless the Secretary renders a decision on the claim in less than six months, the taxpayer must wait six months before filing a refund suit in federal court. 26 U.S.C. § 6532(a)(1). To challenge a notice of intent to levy, the taxpayer must also comply with exhaustion requirements. United States v. Barcroft, No. 4:07CV100, 2008 WL 901198, at *1 (E.D. Tex. Mar. 31, 2008). Following compliance with these procedures, § 7422 "authorize[s] a taxpayer who believes that the IRS has incorrectly assessed a tax liability against him to sue for a refund." McMillen, 960 F.2d at 188; see also Barcroft, 2008 WL 901198, at *1 (listing statutes for administrative exhaustion of intent to levy). When the aggrieved taxpayer fails to adhere to these requirements, the sovereign immunity of the United States is not waived and a lawsuit against the United States is barred by the lack of subject matter jurisdiction. McMillen, 960 F.2d at 188.

If the other path – initiating suit in the Tax Court – is selected, this Court also lacks jurisdiction because a taxpayer who chooses to go to Tax Court generally cannot later bring suit in federal district court to obtain a credit or refund for taxes related to the same taxable year. 26 U.S.C. § 6512(a); Diversified Grp., Inc. v. United States, 123 Fed. Cl. 442, 448 (2015). More importantly, if the taxpayer is not satisfied with the Tax Court decision, it is the United States Courts of Appeals that "have exclusive jurisdiction to review the decisions." 26 U.S.C. § 7482(a)(1); see 26 U.S.C. § 6512(b). This Court has no role. W. W. Windle Co. v. Comm'r of Internal Revenue, 550 F.2d 43, 46 n.5 (1st Cir. 1977) (courts of appeals "have exclusive jurisdiction to review the decision of the Tax Court"). Relatedly, if what the Lawsons are seeking to accomplish is the proper interpretation or enforcement of the Tax Court decision they already procured, their remedy, which they may be out of time to invoke, was to return to the Tax Court to ask it to issue an order to enforce. See 26 U.S.C. § 6512(b)(2); Tax Court Rule

260; see also Freytag v. Comm'r of Internal Revenue, 501 U.S. 868, 891 (1991); Smith v. United States, 350 F. App'x 934, 937 (5th Cir. 2009); S.C. State Ports Auth. v. Fed. Mar. Comm'n, 243 F.3d 165 (4th Cir. 2001) ("The Tax Court . . . can enforce its orders."). In short, there is not a way to interpret the Lawsons' refund claims that would make them appropriate to be litigated in this Court.

At bottom, the Lawsons have not alleged that they properly filed their refund claims with the IRS or that they exhausted administrative remedies with respect to any of them. Even if the Court were to construe the Lawsons' various pre-suit communications with the IRS in October and November 2015 as refund claims, all were sent less than six months prior to November 30, 2015, the date the complaint was filed, and the Lawsons aver that they did not receive a denial from the Secretary that would authorize them to bring a refund suit. Accordingly, all of the Lawsons' refund-related claims pertaining to tax years 1998, 2007, 2008 and 2009 must be dismissed because their failure to exhaust administrative remedies leaves this Court without subject matter jurisdiction. See Muskat, 554 F.3d at 194-95.

**B. Injunctive/Mandamus Claims Barred by Sovereign Immunity**

The Lawsons' remaining requests for relief are injunctive and declaratory in nature, effectively seeking relief in the nature of mandamus. Specifically, they ask this Court to order the IRS to verify their tax liability for tax year 2006 and to process their return for 2009. By its enactment of the Anti-Injunction Act, 26 U.S.C. § 7421, and the Declaratory Judgment Act, 28 U.S.C. § 2201(a), Congress has made clear that neither injunctive or declaratory relief nor mandamus may be sought in federal court in connection with the collection of taxes. Therefore, sovereign immunity has not been waived and the Court's lack of subject matter jurisdiction bars these claims.

The Anti-Injunction Act is plain: "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). This language is liberally interpreted as "withdraw[ing] jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes . . . [to] permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that legal right to the disputed sums be determined in a suit for refund." Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 5-7 (1962); Johnson v. I.R.S., No. 14-CV-11269 -RGS, 2014 WL 3798805, at *1 (D. Mass. Aug. 1, 2014). The Anti-Injunction Act also bars mandamus relief in connection with tax collection. See Lane v. United States, 727 F.2d 18, 21 (1st Cir. 1984); Knuckles El-Bey v. United States, No. 1:08CV151, 2008 WL 3500282, at *4 (M.D.N.C. Aug. 11, 2008). Relatedly, the Declaratory Judgment Act generally exempts controversies "with respect to Federal taxes" other than those related to the status and classification of non-profit organizations. 28 U.S.C. § 2201(a); see McCarthy v. Marshall, 723 F.2d 1034, 1038-40 (1st Cir. 1983) (discussing and rejecting application of narrow exception to Declaratory Judgment Act); United States v. Thomas, 577 F. Supp. 2d 469, 479 (D. Me. 2008).

These prohibitions on the invocation of federal subject matter jurisdiction to interfere with tax collection are so broad and clear as to prevent federal litigation no matter how the claim is framed. Music Deli & Groceries, Inc. v. I.R.S., 781 F. Supp. 992, 998 (S.D.N.Y. 1991) (Anti-Injunction Act and the Declaratory Judgment Act "together bar a district court from ordering the [IRS] to perform" an accounting); see, e.g., Rael v. Apodaca, 210 F. App'x 787, 791 (10th Cir. 2006) (no subject matter jurisdiction over due process claim involving taxes); Bowers v. Megyesi, No. 07-1028, 2007 WL 2908939, at *4 n.2 (C.D. Ill. Oct. 2, 2007) (no subject matter

jurisdiction over claim that taxpayer entitled to face-to-face meeting). Based on the Anti-Injunction Act and the Declaratory Judgment Act, I find that this Court lacks jurisdiction over the Lawsons' demand for verification of their 2006 tax liability and for the processing of their 2009 tax return. Like the refund claims, these claims should be dismissed because this Court lacks subject matter jurisdiction to consider them.

**C. Taxpayer Bill of Rights Claim Barred by Sovereign Immunity**

The Lawsons attempt to save their case by invoking the Taxpayer Bill of Rights, 26 U.S.C. § 7433(a). It allows a taxpayer to bring a civil action in federal district court, "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title." Id. The Taxpayer Bill of Rights is the "exclusive remedy" for such actions; damages are limited to "actual, direct economic damages." Id. § 7433(a)-(b).

As with their other claims, the Lawsons' Taxpayer Bill of Rights claim founders on their failure to exhaust specified administrative remedies. Relief pursuant to § 7433 is not available until "the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service," id. § 7433(d)(1), including that the claim must be sent to the Area Director, Compliance Technical Support Manager, and must include a description of the injuries and a dollar amount of the claim and the taxpayer must wait six months before suing, unless the IRS denies the claim sooner. See 26 C.F.R. § 301.7433-1. The Lawsons' failure to follow these steps requires dismissal of their Taxpayer Bill of Rights claim. See Hearne v. United States, 1993 WL 266945, at *7 (W.D. Tex. Apr. 30, 1993) (Taxpayer Bill

of Rights action dismissed for failure to exhaust, nothwithstanding IRS conduct that was "repugnant and . . . unacceptable").

**D. Privacy Act Claim Barred by Sovereign Immunity**

The Lawsons' last gasp rests on the Privacy Act, 5 U.S.C. § 552a(g)(1)(D), which states that an "individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction . . . [w]henever any agency . . . fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual." The Privacy Act creates liability for mistakes such as not correcting an erroneous record or failing "to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to . . . rights, or opportunities of, or benefits to the individual." Id. § 552a(g)(1)(C).

Congress has made clear that the Privacy Act cannot be invoked in a tax collection case: "[t]he provisions of subsections . . . (g) of section 552a of title 5, United States Code, shall not be applied, directly or indirectly, to the determination of the existence or possible existence of liability (or the amount thereof) of any person for any tax, penalty, interest, fine, forfeiture, or other imposition or offense to which the provisions of this title apply." 26 U.S.C. § 7852(e); McMillen, 960 F.2d at 188 (no action for tax collection under the Privacy Act); see also Schlabach v. I.R.S., 491 F. App'x 854, 854 (9th Cir. 2012) (no jurisdiction over a Privacy Act case brought by individual who seeks to amend record that affects actual or possible tax liability). Accordingly, my recommendation is the same – that this Court dismiss the Privacy Act claim because there has been no waiver of sovereign immunity and, therefore, this Court lacks subject matter jurisdiction.

## IV. CONCLUSION

Based on the foregoing, I recommend that the IRS's motion to dismiss for lack of subject matter jurisdiction be granted. ECF No. 3. Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
July 8, 2016